# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**WILLIAM JAMES PALM**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:12-CR-41

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq

☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 28-year-old with no history of meaningful employment and no income or assets. Indeed it appears defendant is supported entirely by food stamps and his girlfriend who is employed by a health center in Kalamazoo, by whom he has three young children. It certainly appears he pays no child support. However, the Child Protective Services (CPS) of Michigan's Department of Human Services has prohibited him from staying at the girlfriend's house any longer, apparently because when he was arrested a firearm was found near his bed and crack was found under the mattress. Even if the CPS allowed him to return to this home, it would not be appropriate for this court to allow (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community in light of the unrebutted presumption. In the alternative, there is a preponderance of the evidence to conclude that no condition or combination of conditions will assure the presence of the defendant for future court proceedings based on the previous dozen times he has failed to appear for proceedings in other courts, coupled with his convictions for fleeing police officers. (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 23, 2012

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:12-cr-00041-PLM ECF No. 11 filed 02/24/12 PageID.25 Page 2 of 2

United States v. **WILLIAM JAMES PALM**
1:12-CR-41
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

him to return to a living situation where there are three young children in the house where he kept a firearm (illegally, since he is a felon) and drugs, and where the mother of the children has allowed him to do so. Defendant also has a grandfather and an uncle in Kalamazoo, but is unable to provide their addresses.

Although only 28 years old, defendant has at least 20 adult convictions on his record. While a number of these are driving offenses, three are drug offenses and, more significantly, five offenses are for interfering with, disobeying or fleeing the police. He has failed to appear for court proceedings (e.g., for arraignment, for sentencing, etc.) a dozen times. In addition, bench warrants have been issued twice for probation violations.

**Part II - Written Statement of Reasons for Detention** - (continued)

Defendant's criminal history is one of a person who does not take responsibility, and there is nothing in his lifestyle to suggest the contrary. It has been pointed out that defendant has remained in the area, because he has no money to flee. This offers small comfort to the court, because that is a situation easily remediable if defendant is, in fact, a crack dealer. In any event, even if he remains in the area, this argument provides no assurance he will appear for court.